UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVEN L. RUTHERFORD                          CIVIL ACTION

VERSUS                                         NUMBER: 10-2801

UNITED STATES DISTRICT COURTS,                 SECTION: "B"(5)
JOSEPH C. WILKINSON, JR.,
UNITED STATES MAGISTRATE JUDGE


**REPORT AND RECOMMENDATION**


The above-captioned matter came before the Court pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Asserting as a basis for the Court's jurisdiction the Fifth, Eighth, and Ninth Amendments to the United States Constitution, pro se plaintiff, Steven L. Rutherford, has initiated the above-captioned lawsuit against defendants, the United States District Courts and the Honorable Joseph C. Wilkinson, Jr., complaining that the named defendant Magistrate Judge erroneously denied his request to proceed in forma pauperis in the matter entitled Rutherford v. Equafax, et al., 10-CV-1988 "N"(2) after having previously granted

the same requests in a number of other cases plaintiff had previously filed. See <u>Rutherford v. Employment Standard Administration, et al.</u>, 09-CV-5436 "N"(2) and consol. cases. Plaintiff seeks fifty million dollars in "punitive discipline" and "possible criminal charge[s]" against the Magistrate Judge. (Complt. at p. 2).

On August 26, 2010, plaintiff was granted leave to proceed <u>in forma pauperis</u> in this matter pursuant to 28 U.S.C. §1915. That statute provides, in pertinent part, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that - -
>
> \* \* \* \* \* \* \* \* \* \*
>
> (B) the action or appeal - -
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief can be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. §1915(e)(2).

The plain language of §1915(e)(2) mandates a court to dismiss a complaint brought <u>in forma pauperis</u> if it is determined, at any time, that the action is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary damages from a defendant who is immune from such relief.

The matter of which plaintiff complaints herein occurred within the context of a legal proceeding that was properly pending before the named defendant judicial officer. As such, Magistrate Judge Wilkinson is absolutely immune from suit here even if his act is perceived by plaintiff to have been done erroneously, maliciously, or in excess of his authority. Stump v. Sparkman, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104-05 (1978); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18 (1967); Mays v. Sudderth, 97 F.3d 107, 110-11 (5th Cir. 1996); Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993); Lyons v. Sheetz, 834 F.2d 493, 495 (5th Cir. 1987). To the extent that plaintiff was dissatisfied with the ruling of Magistrate Judge Wilkinson, his recourse was to appeal that ruling to the District Judge to whom the case was allotted. Independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments. Montesano v. New York, 2006 WL 944285 at *4 (S.D. N.Y. 2006). With respect to the remaining named defendants, the collective United States District Courts, such entities lack the capacity to be sued. Muzzi v. U.S. Supreme Court, et al., 2002 WL 31324140 at *2 (E.D. La. Oct. 16, 200), appeal dis'd, No. 02-31077 (5th Cir. Jan. 31, 2003)(unpublished order).

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's

suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) to (iii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 1st day of September, 2010.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4